UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN DICK,<br>　　Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC. and<br>WORLDWIDE FLIGHT SERVICES, INC.<br>　　Defendants. | )<br>)<br>)<br>)<br>)　DOCKET NO:   05-10455 GAO<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATION OF FILING**
**ALL PAPERS REQUIRED BY LOCAL RULE 81**

I, Tory A. Weigand, attorney for the defendant, hereby affirm that the attached are certified copies of all records and proceedings in the Suffolk Superior Court in and for the County of Suffolk, including the filing of the Notice of Removal.

　　　　　　　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　The Defendant,
　　　　　　　　　　　　　　　　　　AMERICAN AIRLINES, INC.
　　　　　　　　　　　　　　　　　　By their attorneys,

　　　　　　　　　　　　　　　　　　MORRISON MAHONEY  LLP

　　　　　　　　　　　　　　　　　　/s/ Tory A. Weigand
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Tory A. Weigand, BBO #548553
　　　　　　　　　　　　　　　　　　MORRISON MAHONEY LLP
　　　　　　　　　　　　　　　　　　250 Summer Street
　　　　　　　　　　　　　　　　　　Boston, MA  02210-1181
　　　　　　　　　　　　　　　　　　(617) 439-7500 (main no.)
　　　　　　　　　　　　　　　　　　(617) 737-8827 (direct dial)

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by mail on **March 22, 2005**
/s/ Tory A. Weigand

960444v1

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-00466
### Dick v American Airlines, Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 02/07/2005 | **Status** | Disposed: transferred to other court (dtrans) | | |
| **Status Date** | 03/11/2005 | **Session** | C - Civil C | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 05/08/2005 | **Answer** | 07/07/2005 | **Rule12/19/20** | 07/07/2005 |
| **Rule 15** | 07/07/2005 | **Discovery** | 12/04/2005 | **Rule 56** | 01/03/2006 |
| **Final PTC** | 02/02/2006 | **Disposition** | 04/03/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Eileen Dick
Active 02/07/2005

*Private Counsel 660175*
Kathleen Kane
Spillane Law Offices (David M)
1212 Hancock Street
Quincy, MA 02169
Phone: 617-328-9100
Fax: 617-328-8373
Active 02/07/2005 Notify

**Defendant**
American Airlines, Inc
Service pending 02/07/2005

*Private Counsel 273940*
Maynard M Kirpalani
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 03/11/2005 Notify

*Private Counsel 548553*
Tory A Weigand
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 03/11/2005 Notify

**Defendant**
Worldwide Flight Services, Inc
Service pending 02/07/2005

*Private Counsel 641998*
Geoffrey M Coan
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 03/11/2005 Notify

| Date | Paper | Text |
|---|---|---|
| 02/07/2005 | 1.0 | Complaint filed with request for trial by jury |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-00466
### Dick v American Airlines, Inc et al

| Date | Paper | Text |
|---|---|---|
| 02/07/2005 | | Origin 1, Type B04, Track F. |
| 02/07/2005 | 2.0 | Civil action cover sheet filed |
| 03/09/2005 | | Certified copy of Petition for removal to the US Dist court of deft Worldwide Flight Services, Inc., (US Dist# 05-10446GAO). ) |
| 03/11/2005 | | Case REMOVED this date to US District Court of Massachusetts |
| 03/11/2005 | | Certified copy of petition for removal to U. S. Dist. of Deft. American Airlines, Inc. U. S. Dist.#(05-10455GAO). |
| 03/11/2005 | | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

I HEREBY ATTEST AND CERTIFY ON
MARCH 15, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.

COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
~~Suffolk, Superior Court~~

EILEEN DICK,  )
    Plaintiff,  )
  )
v.  )   DOCKET NO:
  )
AMERICAN AIRLINES, INC. and  )
WORLDWIDE FLIGHT SERVICES, INC.  )
    Defendants.  )
  )  **05-10455 GAO**

FILED
IN CLERKS OFFICE
Civil # 05-466
2005 MAR 10 P 2:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

## NOTICE OF REMOVAL

The defendant, American Airlines, Inc., hereby petitions this Court that the above-entitled action, now pending against it in the Suffolk Superior Court, Civil Action No. 05-0466 be removed therefrom to this Court under 28 U.S.C. § 1332. In support of this notice, the defendant states as follows:

1. The defendant, American Airlines, Inc., received a copy of a summons, complaint, and statement of damages in this action. Upon information and belief there has not been proper service and American has filed this Notice of Removal within thirty days of receipt.

2. The defendant, American Airlines, Inc., at the commencement of this suit was and has since continued to be a Delaware corporation having its principal place of business in Fort Worth, Texas.

3. According to the allegations of the complaint, the plaintiff is an individual residing in Dorchester, Suffolk County, Massachusetts.

959454v1

4. This is a civil action in which the plaintiff claims damages for personal injuries, incurred medical expenses and experienced suffering to her mind and body.

5. This action is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air (the Warsaw Convention), because the plaintiff is alleging that the defendant air carrier caused them to suffer personal injury relating to an international flight. 49 Stat. 3000, 876 U.N.T.S. 11 (1934), reprinted in 49 U.S.C. app. § 40105.

6. Accordingly, the jurisdiction of this action is governed by 28 U.S.C. § 1331, which holds that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Further, the parties to this action are diverse and therefore there exists diversity jurisdiction under 18 U.S.C. § 1332(a)(2).

8. Within thirty (30) days of filing of this Notice of Removal, the defendant shall file certified or attested copies of all records and proceedings in the

Suffolk Superior Court, and a certified or attested copy of all docket entries in the Suffolk Superior Court pursuant to L.R. 81.8 of this Court.

Respectfully Submitted,
The Defendant,
AMERICAN AIRLINES, INC.
By their attorneys,

MORRISON MAHONEY LLP

_____
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500 (main no.)
(617) 737-8827 (direct dial)

I HEREBY ATTEST AND CERTIFY ON MARCH 15, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 3/16/05

_____
Tory A. Weigand

3

959454v1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                      SUPERIOR COURT
                                                  CIVIL ACTION NO: 05-0466

| | |
|---|---|
| EILEEN DICK,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC. and<br>WORLDWIDE FLIGHT SERVICES, INC.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF FILING OF NOTICE OF REMOVAL
TO THE UNITED STATES DISTRICT COURT**

TO THE CLERK FOR THE SUFFOLK COUNTY SUPERIOR COURT

    Please take notice that on March 10, 2005, the above-captioned action has been removed to the United States District Court for the District of Massachusetts, pursuant to Title 28, United States Code §§ 1441 and 1446. A certified copy of said Notice of Removal is attached hereto, in accordance with Title 28, United States Code § 1446(d).

                                      The Defendant,
                                      AMERICAN AIRLINES, INC.
                                      By Its Attorneys,
                                      MORRISON MAHONEY LLP

                                      _____
                                      Tory A. Weigand, BBO #548553
                                      250 Summer Street
                                      Boston, MA 02210
                                      (617) 439-7500

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by mail on _____

_____
Tory A. Weigand

959625v1

1

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                              SUPERIOR COURT DEPT.
                                                          CIVIL ACTION NO. 05 - 0466 C

---

EILEEN DICK
    Plaintiff

v.

AMERICAN AIRLINES, INC.

    Defendant.

WORLDWIDE FLIGHT SERVICES, INC.

    Defendant.

---

## **PARTIES**

1. Plaintiff, Eileen Dick, is a natural person residing at 106 Greenbriar Street, Dorchester, Suffolk County, Massachusetts.

2. Defendant, American Airlines, Inc. is a foreign corporation with its principal place of business at P.O. Box 619616 MD 5675, 4333 Amon Carter Blvd, Fort Worth, Texas.

3. Defendant, Worldwide Flight Services, Inc is a foreign corporation with its principle place of business at 1925 W. John Carpenter Fwy., Ste. 450 Irving, Texas.

## **FACTS**

4. At all relevant times herein, Defendant, American Airlines was a

SPILLANE LAW OFFICES
• • • • •
1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-8373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924
www.spillanelawoffices.com

tenant of Miami Dade Airport.

5. At all relevant times, herein, Defendant Worldwide Flight Services, Inc. operated in Miami Dade Airport, including American Airlines terminals.

6. Eileen Dick was a lawful invitee on the premises of Defendant American Airlines.

7. Iris Baggy, the Plaintiff's mother, was a lawful invitee on American Airlines premises and placed in the care of an employee of co-Defendant, Worldwide Flight Services, Inc.

8. While on Defendant's, American Airlines' premises, and under the care of co-Defendant, Worldwide Flight Services, Inc., the Plaintiff was injured when her mom fell on her while riding down an escalator, sustaining substantial personal injuries.

## COUNT 1: NEGLIGENCE
## AMERICAN AIRLINES

9. The Plaintiff repeats, realleges, and incorporates fully paragraph 1 through 8 as if each were set forth in their entirety.

10. The Defendant, American Airlines owed a duty to the Plaintiff to make reasonable efforts to ensure that the companies they allow to operate on their premises do so with reasonable care.

11. The Defendant, American Airlines, was negligent when they breached their duty to ensure that Worldwide Flights, Inc. operated on their premises with due care.

12. As a direct and proximate cause of the Defendant's breach of its duty

SPILLANE LAW OFFICES
♦ ♦ ♦ ♦ ♦
1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-8373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924
www.spillanelawoffices.com

to exercise due care, the Plaintiff sustained personal injuries, incurred medical expenses, and experienced suffering to her mind and body

WHEREFORE, the Plaintiff demands judgment against the Defendant, American Airlines Inc., for monetary damages, interest, costs, and such additional relief as the court deems just and reasonable.

### COUNT 2; NEGLIGENCE
### WORLDWIDE FLIGHT SERVICES, INC.

13. The Plaintiff repeats, realleges, and incorporates fully paragraph 1 through 8 as if each were set forth in their entirety.

14. The Defendant, Worldwide Flight Services, Inc. owed the Plaintiff a duty to exercise reasonable care while operating in its capacity of transporting the Plaintiff's mother through the airport.

15. The Defendant, Worldwide Flight Services, Inc. was negligent in that they breached their duty to exercise reasonable care when their employee had the Plaintiff's mother, Iris Baggey attempt to stand on a moving escalator.

16. As a direct and proximate cause of the Defendant's negligence, Iris fell on the Plaintiff who sustained personal injuries to her mind and body and incurred substantial medical expenses.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Worldwide Flight Services. Inc. for monetary damages, interest, costs and such additional relief, as the Court deems just and reasonable.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a Trial by Jury on all issues so triable

SPILLANE LAW OFFICES
♦ ♦ ♦ ♦ ♦
1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-8373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924
www.spillanelawoffices.com

By Plaintiff's Attorney

*Kathleen Kane*
Kathleen Kane, BBO No. 660175
Spillane Law Offices
1212 Hancock Street-Suite 200
Quincy, MA 02169-4300
(617) 328-9100

DATED: February 1, 2005

> HEREBY ATTEST AND CERTIFY ON
> MARCH 15, 2005, THAT THE
> FOREGOING DOCUMENT IS A FULL,
> TRUE AND CORRECT COPY OF THE
> ORIGINAL ON FILE IN MY OFFICE,
> AND IN MY LEGAL CUSTODY.
>
> MICHAEL JOSEPH DONOVAN
> CLERK / MAGISTRATE
> SUFFOLK SUPERIOR CIVIL COURT
> DEPARTMENT OF THE TRIAL COURT
>
> BY._____
> ASSISTANT CLERK.

SPILLANE LAW OFFICES

1212 HANCOCK ST
QUINCY, MA 02169-4300
TEL: (617) 328-9100
FAX: (617) 328-8373

1130 WASHINGTON ST
HANOVER, MA 02339
TEL: (781) 829-9993
FAX: (781) 829-9924

www.spillanelawoffices.com

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-0466C | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Eileen Dick | | DEFENDANT(S) American Airlines, Inc. and Worldwide Flight Services, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Kathleen Kane, Spillane Law Offices 1212 Hancock Street, Suite 200, Quincy, MA Board of Bar Overseers number: 660175 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................ $220.00
2. Total Doctor expenses ......................................... $598.00
3. Total chiropractic expenses .................................... $0
4. Total physical therapy expenses ............................... $3,400.00
5. Total other expenses (describe) ............................... $0
   Subtotal $4,218.00
B. Documented lost wages and compensation to date ............... $0
C. Documented property damages to date .......................... $0
D. Reasonably anticipated future medical and hospital expenses ... $0
E. Reasonably anticipated lost wages ............................ $15,000.00
F. Other documented items of damages (describe) ................. $0
G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $50,000.00
   Plaintiff suffered a right knee ACL tear, medial menisous tear, and patella chondromaloia

TOTAL $69,218.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Kathleen Kane_ DATE 2/1/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON MARCH 15, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.